**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| BOUNXOU BILLAMAY, | ) |
| | ) |
| Petitioner, | ) CIV 09-01938 PHX MHM (MEA) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| KATRINA KANE, et al., | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |

**TO THE HONORABLE MARY H. MURGUIA:**

Mr. Bounxou Billamay ("Petitioner"), who is represented by counsel in this matter, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on September 18, 2009. At that time Petitioner was detained by Respondents[1] in Eloy, Arizona. Petitioner also filed a motion for a preliminary injunction and a motion to consolidate this case with Docket No. 2:09 CV 1410. Respondent filed a Response in Opposition to Petition for Writ of Habeas Corpus ("Response") (Doc. 17) on November 12, 2009. In total, four motions to consolidate were filed. On September 2, 2010, the motions to consolidate were denied in Docket No. 2:09 CV 1410.

---

[1] Respondents urge that the only proper Respondent named in this matter is Mr. DeRosa, who was Petitioner's immediate custodian at the time the petition was filed.

On September 28, 2010, Respondents were ordered to file additional pleading. On October 22, 2010, Respondents filed a response to the Court's order, *inter alia* arguing that the petition is moot. See Doc. 37. Petitioner filed a Response to Order and Supplemental Pleadings on October 22, 2010. See Doc. 38.

**I. Background**

Petitioner is a native of Laos. See Response, Exh. 2. In September of 1988 Petitioner was admitted to the United States as a refugee. See id., Exh. 2.

On June 25, 2007, Petitioner was convicted by the United States District Court for the Northern District of California on one count of conspiracy to distribute methamphetamine. Id., Exh. 2 & Exh. 3. Petitioner was sentenced to a term of two years incarceration pursuant to this conviction. Id., Exh. 3. Petitioner was released from the custody of the Federal Bureau of Prisons on June 4, 2009, and was taken into the custody of the Department of Homeland Security on June 9, 2009. Id., Exh. 2 & Exh. 4. Petitioner was taken into custody pursuant to 8 U.S.C. 1159(a), which provides:

> [A]n alien who has been admitted to the United States under section 1157 of this title ... (B) who has been physically present in the United States for at least one year, and who has not acquired permanent resident status, shall at the end of such year period, return or be returned to the custody of the Department of Homeland Security for inspection and examination for admission to the United States as an immigrant in accordance with the provisions of sections 1225, 1229a, and 1231 of this title.

On or about June 29, 2009, Petitioner filed an application for an adjustment of his immigration status and an application for a waiver of grounds of excludability. Id., Exh. 5.

A Notice to Appear was filed on October 13, 2009, charging Petitioner was removable from the United States based on his conviction for conspiracy to distribute a controlled substance. Id., Exh. 1.  Also on October 13, 2009, DHS filed a notice of custody determination, asserting Petitioner's detention was mandatory because he was charged with removability pursuant to section 212(a)(6)(A)(i) and 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act ("INA").

On November 2, 2009, Petitioner was ordered removed to Laos and Petitioner waived his right to appeal that order. See Doc. 37, Exh. 5. Petitioner's application to adjust his status to that of a lawful permanent resident and his application seeking to have the grounds of inadmissibility waived was denied by United States Citizenship and Immigration Services ("USCIS") on November 12, 2009.  Id., Exh. 6.   On January 6, 2010, Petitioner was released from Respondent's custody on an order of supervision. Id., Exh. 7.

In the original habeas petition Petitioner contends his detention violated his constitutional rights and federal law because he was taken into custody pursuant to his status as a refugee who had not adjusted his immigration status and before he was charged with being removable and subject to detention by means of a Notice to Appear.  Petitioner contends:

> It has long been the policy of the Arizona Field Office of Immigration and Customs Enforcement ("Arizona ICE" or "ICE") to interpret 8 U.S.C. § 1159(a) to authorize the detention of individuals admitted to the United States as refugees who have not acquired permanent resident status within one year. These "unadjusted refugees" are commonly held for approximately four to six months while their applications for permanent residence are being adjudicated. During this time, they are not charged with any civil or criminal offense and are not held pursuant to removal proceedings. They are not eligible to apply for bond in front of a neutral decision-maker and are not given a release date. Petitioner argues that this policy and practice of detaining unadjusted refugees is not authorized by the Immigration and Nationality Act and violates substantive and procedural due process...
> ***
> Petitioner argues that his detention is not authorized by the Immigration and Nationality Act. Petitioner's detention is based on a broad interpretation of 8 U.S.C. § 1159 promulgated by Respondents that is inconsistent with, and contradictory to, other provisions in the Immigration and Nationality Act. The Respondents' construal of 8 U.S.C. § 1159 uses an expansive definition of the term "custody" to justify Petitioner's continued detention without bond, without judicial oversight, and without a release date.

Petitioner further asserts in his memorandum in support of his habeas petition, filed September 18, 2009,

> Petitioner also argues that his detention is unlawful because Respondents' interpretation of § 1159(a) violates substantive due process. While the government may legitimately detain aliens upon a showing of sufficient justification and strong procedural protections, neither of these factors are present here. Although detention during removal proceedings is constitutionally permissible in order to prevent aliens from fleeing and to ensure their successful removal, Petitioner is not currently in removal proceedings and does not pose a similar flight risk.

-4-

In the first response to the petition, Respondent contends the petition must be denied and dismissed as moot, because the basis for Petitioner's detention has "shifted," rendering his arguments irrelevant. See Response at 4. In his most recent pleading, Respondent contends that the petition is moot because Petitioner has been released from custody.

**II. Analysis**

The Court may only issue a writ of habeas corpus to a Department of Homeland Security detainee who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (1994 & Supp. 2010).

Petitioner was initially taken into custody pursuant to his status as a refugee who had not adjusted his status within one year of admission to the United States.[2] A Notice to Appear was later filed, alleging Petitioner was removable from the United States as an alien who had committed a drug crime. Petitioner does not dispute that he is now under a final order of removal nor does he dispute that he is not now in custody.

"The case or controversy requirement of Article III admonishes federal courts to avoid premature adjudication and to abstain from entangling themselves in abstract disagreements."

---

[2] 8 U.S.C. § 1159(a) provides that:
an alien who has been admitted to the United States under section 1157 of this title ... (B) who has been physically present in the United States for at least one year, and who has not acquired permanent resident status, shall at the end of such year period, return or be returned to the custody of the Department of Homeland Security for inspection and examination for admission to the United States as an immigrant in accordance with the provisions of sections 1225, 1229a, and 1231 of this title.

U.S. West, Inc. v. Tristani, 182 F.3d 1202, 1208 (10th Cir. 1999) (internal quotation marks and citations omitted). A court must dismiss a case as moot if at any point it becomes certain either that "'the allegedly wrongful behavior could not reasonably be expected to recur,'" Friends of the Earth Inc. v. Laidlaw Envtl. Assoc. (TOC), Inc., 528 U.S. 167, 189, 120 S. Ct. 693, 708 (2000) (citation omitted), or that there is no effective relief remaining for the court to provide. See Calderon v. Moore, 518 U.S. 149, 150, 116 S. Ct. 2066, 2067 (1996).

The Court does not have subject matter jurisdiction to consider a habeas claim that is moot. See, e.g., Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). Because Petitioner is no longer detained pursuant to 8 U.S.C. § 1159, any opinion issued at this time by this Court regarding that statute would be purely advisory in nature.

Petitioner's case is rendered moot by his release from custody. See Abdala v. I.N.S., 488 F.3d 1061, 1064-65 (9th Cir. 2007) (discussing and collecting cases wherein a petitioner's release from detention or parole or their removal rendered a habeas petition moot); Levine v. Apker, 455 F.3d 71, 77 (2d Cir. 2006) (finding habeas petition was not moot where petitioner's supervised release left open possibility of court's issuance of effectual relief). Because Petitioner is no longer in custody, the Court may not reach the merits of his argument regarding the constitutionality of his initial detention. Petitioner no longer has a personal stake in the outcome of his argument. Because Petitioner no longer has a personal stake in the relief

-6-

sought, i.e., a declaration that 8 U.S.C. § 1159 is unconstitutional, his habeas petition is moot. See Rodriguez v. Hayes, 591 F.3d 1105, 1117-18 (9th Cir. 2010). See also Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998).

Petitioner seeks injunctive relief, i.e., his release from custody. Injunctive relief may no longer be granted because Petitioner is no longer detained. Additionally, Petitioner seeks declaratory relief. A claim for declaratory relief will not save a petition from mootness unless the declaration affects the individual filing the petition. Ferry v. Gonzalez, 457 F.3d 1117, 1132 (10th Cir. 2006). Any opinion issued in this matter that the challenged statute is unconstitutional would be an advisory opinion. The Court should not issue such an opinion "because a declaratory judgment on that question would have no meaningful effect" on DHS' or ICE' future conduct towards Petitioner. Id.

Petitioner contends that the petition is not moot and the Court should exercise jurisdiction and find the statute unconstitutional, citing the maxim that the case or controversy requirement of Article III is satisfied if the challenged constitutional violation is capable of repetition yet evades review. Petitioner argues his case presents a situation that is capable of repetition yet evading review, an exception to the mootness doctrine which "applies only in exceptional circumstances." Spencer, 523 U.S. at 17, 118 S. Ct. at 988 (quotations omitted). This exception will rescue a moot controversy only if: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or

expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Id. (quotations omitted). See also Weinstein v. Bradford, 423 U.S. 147, 149, 96 S. Ct. 347, 350 (1975).

The second prong of the capable-of-repetition exception requires a "reasonable expectation" or a "demonstrated probability" that "the same controversy will recur involving the same complaining party." Murphy v. Hunt, 455 U.S. 478, 482, 102 S. Ct. 1181, 1183 (1982). Although other detainees will undoubtedly face this same issue in the future, there is no reasonable expectation, and certainly no demonstrated probability, that Petitioner will be subject to the same action again.

Neither is the narrow exception to the mootness doctrine of voluntary cessation applicable.[3] This exception "traces to the principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior." City News & Novelty, Inc. v. City of Waukesha, 531 U.S. 278, 284 n.1, 121 S. Ct. 743, 747 n.1 (2001). However, this case is not analogous to the

---

[3] It is not clear if the "voluntary cessation" doctrine applies to section 2241 habeas cases. Compare Picrin-Peron v. Rison, 930 F.2d 773, 775-76 (9th Cir. 1991), with Sherman v. United States Parole Comm'n, 502 F.3d 869, 871-72 (9th Cir. 2007) (noting cases in which the merits of a challenge to pretrial detention were not mooted when the petitioner was no longer detained prior to trial). The Tenth Circuit Court of Appeals has concluded:
> We will not dismiss a petition as moot if "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit."

Riley v. I.N.S., 310 F.3d 1253, 1257 (2002).

-8-

situation where "[respondents] seek to evade sanction by predictable protestations of repentance and reform." Id. There is no suggestion that the decision allowing for Petitioner to be detained pursuant to section 1226(c) was the result of an attempt by the government to evade review of 8 U.S.C. § 1159. Accordingly, the exception of voluntary cessation inapplicable. See Riley v. I.N.S., 310 F.3d 1253, 1257 (2002).

**IT IS THEREFORE RECOMMENDED** that Mr. Billamay's Petition for Writ of Habeas Corpus be **denied**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration

of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 10th day of November, 2010.

_____
Mark E. Aspey
United States Magistrate Judge